D&F

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 07/08/2013

CAHILL GORDON & REINDEL LLP
EIGHTY PINE STREET
NEW YORK, NY 10005-1702

TELEPHONE: (212) 701-3000
FACSIMILE: (212) 269-5420

1990 K STREET, N.W.
WASHINGTON, DC 20006-1181
(202) 862-8900
FAX: (202) 862-8958

AUGUSTINE HOUSE
6A AUSTIN FRIARS
LONDON, ENGLAND EC2N 2HA
(011) 44.20.7920.9800
FAX: (011) 44.20.7920.9825

WRITER'S DIRECT NUMBER
(212) 701-3621

FLOYD ABRAMS
L. HOWARD ADAMS
ROBERT A. ALESSI
HELENE R. BANKS
ANIRUDH BANSAL
LANDIS C. BEST
SUSAN BUCKLEY
KEVIN J. BURKE
JAMES J. CLARK
BENJAMIN J. COHEN
STUART G. DOWNING
ADAM M. DWORKIN
JENNIFER B. EZRING
JOAN MURTAGH FRANKEL
JONATHAN J. FRANKEL
BART FRIEDMAN
CIRO A. GAMBONI
WILLIAM B. GANNETT
CHARLES A. GILMAN
STEPHEN A. GREENE
JASON M. HALL
WILLIAM M. HARTNETT
CRAIG M. HOROWITZ
DOUGLAS S. HOROWITZ
TIMOTHY B. HOWELL
DAVID G. JANUSZEWSKI
ELAI KATZ
THOMAS J. KAVALER
BRIAN S. KELLEHER
DAVID N. KELLEY
CHÉRIE R. KISER*
EDWARD P. KRUGMAN
JOEL KURTZBERG
ALIZA R. LEVINE
JOEL H. LEVITIN
GEOFFREY E. LIEBMANN
ANN S. MAKICH
JONATHAN I. MARK
BRIAN T. MARKLEY
WILLIAM J. MILLER
NOAH B. NEWITZ
MICHAEL J. OHLER
ATHY A. O'KEEFFE
DAVID R. OWEN
JOHN PAPACHRISTOS
LUIS R. PENALVER
DEAN RINGEL
JAMES ROBINSON
THORN ROSENTHAL
TAMMY L. ROY
JONATHAN A. SCHAFFZIN
JOHN SCHUSTER
MICHAEL A. SHERMAN
DARREN SILVER
HOWARD G. SLOANE
JOSIAH M. SLOTNICK
RICHARD A. STIEGLITZ JR.
SUSANNA M. SUH
ANTHONY K. TAMA
JONATHAN D. THIER
JOHN A. TRIPODORO
GLENN J. WALDRIP, JR.
HERBERT S. WASHER
MICHAEL B. WEISS
S. PENNY WINDLE
COREY WRIGHT
DANIEL J. ZUBKOFF
ADAM ZUROFSKY

*ADMITTED IN DC ONLY

June 28, 2013

Re: *In re Standard & Poor's Rating Agency Litigation*, No. 13-MD-2446 (JMF)

*This Document Relates to All Actions*

Dear Judge Furman:

Counsel for defendants McGraw Hill Financial, Inc. (f/k/a The McGraw-Hill Companies, Inc.) and Standard & Poor's Financial Services LLC (together, "McGraw Hill") respectfully submits this letter pursuant to Section VII.B of the Court's June 12, 2013 Order.

At the Court's direction, counsel for all parties have conferred regarding: (1) a proposed agenda for the July 11, 2013 Initial Conference; (2) a proposed schedule for pretrial activities, including discovery and motions; and (3) an efficient means for the Court to decide the pending, and any anticipated additional, motions to remand.

The States[1] have agreed upon Lead and Liaison Counsel, subject to the Court's approval, and have indicated that they will file their proposals in that regard today. To the extent the parties are in agreement as to the points mentioned above, the agreements are described herein. Where no agreement has been reached, the parties' respective positions are set forth herein.

[1] Arizona, Arkansas, Colorado, Delaware, Idaho, Iowa, Maine, Mississippi, Missouri, North Carolina, Pennsylvania, South Carolina, Tennessee, Washington, and the District of Columbia are referred to collectively herein as the "States."

1. **Schedule for Pretrial Activities**

**Remand Motions:**

With the exception of the Mississippi action (discussed below) each of the underlying actions in which one of the States is plaintiff was filed in state court in February 2013, naming McGraw Hill as defendant. McGraw Hill removed each action to federal court in March 2013 on the basis of federal question jurisdiction. With the exception of the District of Columbia, all of the States moved to remand these actions to state court. The States' remand motions were pending at the time of transfer.

Now that the actions have been consolidated before Your Honor, all parties agree that it will be most efficient for the States to brief their remand arguments on a consolidated basis. The States propose to file two briefs: one consolidated brief to address remand issues common to all or multiple States, and one brief to address issues unique to Mississippi. McGraw Hill has no objection to this approach; Moody's Corp. and Moody's Investors Service, Inc. (together, "Moody's") take no position.

The parties jointly propose the following schedule for remand briefing: (i) opening briefs supporting remand to be filed by August 12, 2013; (ii) oppositions to be filed by September 11, 2013; (iii) reply briefs to be filed by October 1, 2013. All parties respectfully request that the Court permit oral argument on the remand issues.

**Mississippi-Specific Remand Issues:**

Unlike the other underlying actions, the Mississippi action was initially filed in May 2011. Mississippi is the only state that named both McGraw Hill and Moody's as defendants. In 2011, McGraw Hill and Moody's removed the Mississippi action to federal court on the basis of diversity jurisdiction and jurisdiction under the Class Action Fairness Act ("CAFA").[2] Mississippi moved to remand. Prior to filing an opposition to Mississippi's remand motion, McGraw Hill and Moody's moved for remand-related discovery, which Mississippi opposed as unnecessary to decide the remand question, and for an extension of time to oppose remand pending completion of such discovery. At the time of transfer, all of these motions were pending before the court in Mississippi. Then, contemporaneous with its removal of the other state actions to federal court in March 2013, McGraw Hill filed a supplemental notice in the Mississippi case asserting federal question jurisdiction as an additional basis for federal subject matter jurisdiction. Mississippi again moved to remand.

---

[2] In the interest of completeness, we draw the Court's attention to the fact that on May 28, 2013 the Supreme Court granted certiorari in *Mississippi ex rel. Hood* v. *AU Optronics Corp.*, Docket No. 12-1036, which presents the question of whether a state *parens patriae* action is removable under CAFA. The Supreme Court will hear the case during the October 2013 term.

All parties agree that the Mississippi action presents certain unique issues. Diversity and CAFA jurisdiction are asserted as grounds for removal only in the Mississippi case, and Moody's is a defendant only in the Mississippi case. Mississippi has also raised a timeliness argument in favor of remand that does not apply to the other States, asserting that McGraw Hill's March 2013 supplemental notice of removal on the basis of federal question jurisdiction was untimely. The parties have not reached agreement as to when the Court should address these issues.

Mississippi suggests that the most efficient course is for all remand motions for all States, including Mississippi's motion addressing the 2011 removal that was jointly filed by McGraw Hill and Moody's, to be briefed and presented to the Court at the same time on the schedule set forth above. Mississippi's position is that the real party in interest analysis, for purposes of determining diversity or CAFA jurisdiction in this case, requires no discovery and that no further delay in a determination of Mississippi's 2011 remand motion is warranted.

Moody's suggests that the Court first address the federal question basis of removal, common to all of the actions involving McGraw Hill, because the determination of that question could render it unnecessary for the Court to reach the CAFA and diversity issues unique to the Mississippi action (including the question of whether defendants are entitled to discovery on those issues).[3] If the Court does choose to address the diversity and CAFA grounds for removal, Moody's and McGraw Hill agree that the motion for discovery may be addressed on the papers already filed.

**Declaratory Judgment Actions:**

In February 2013, prior to the States' actions being commenced in state court and after receiving required pre-filing notices from South Carolina and Tennessee, McGraw Hill initiated declaratory judgment actions in the United States District Courts for the District of South Carolina and for the Middle District of Tennessee, respectively, against South Carolina and Tennessee. South Carolina and Tennessee both filed Rule 12 motions to dismiss those actions on abstention grounds under *Younger* v. *Harris*, 401 U.S. 37 (1971). McGraw Hill filed amended complaints as of right in both cases adding a second count. South Carolina and Tennessee filed second motions to dismiss asserting additional grounds for dismissal. The South Carolina motion was fully briefed prior to transfer; Tennessee's reply brief remained to be filed. The South Carolina and Tennessee motions to dismiss were pending at the time of transfer.

South Carolina and Tennessee respectfully request that their motions to dismiss receive priority, propose filing a joint brief in support of their motions to dismiss in conformity with Second

---

[3] Moody's has indicated that, should it remain in this Court after determination of any remand motions, it may request that this Court suggest to the MDL Panel a remand of the claim against Moody's (perhaps including a motion to formally sever the claim from that against McGraw Hill). Moody's proposes that it would make any such motion within 30 days of a decision on the remand motion. Should Moody's make such a motion, it may ask the Court to revisit the schedule, with respect to Moody's, for Response to Complaints discussed below.

Circuit law, and propose following the briefing schedule established for the remand motions such that all dispositive state motions could be decided at one time. McGraw Hill does not object to this proposed schedule but respectfully requests that it be provided with an opportunity to respond to any further submissions South Carolina and Tennessee are permitted to make.

**Further Pretrial Proceedings:**

Except as set forth above, the parties agree that all pretrial matters in the consolidated proceeding should take place only after the remand motions are decided and that all deadlines should be stayed until that time. In accordance with the Court's June 12, 2013 Order, the parties have conferred as to the outline of a schedule for further pretrial proceedings as set forth below.

Responses to Complaints: McGraw Hill has answered the operative complaints in 10 of the 15 underlying actions. The parties agree that McGraw Hill (and Moody's in the Mississippi action) will answer or otherwise respond to the remaining complaints no later than 30 days after the Court's decision on the remand motions.

Discovery: The parties agree that they will hold a Rule 26(f) conference within 30 days following the Court's decision on remand and will exchange Rule 26(a) disclosures within 14 days following the Rule 26(f) conference. The parties will submit the Rule 26(f) report within 30 days after the Rule 26(f) conference.

The parties agree that they will confer immediately after the remand motions are decided to attempt to agree on an updated pretrial schedule as well as the terms of a stipulated confidentiality or protective order with respect to discovery materials. Except as described above with regard to remand-related discovery in the Mississippi case, the parties further agree that no discovery should proceed until after the Court decides the remand motions.

The parties disagree as to the appropriate length of the fact discovery period. The States propose a tentative fact discovery schedule that would provide 12 months for document discovery, to be followed by 10 months for depositions. McGraw Hill proposes a fact discovery schedule that would provide 9 months for document discovery, to be followed by 6 months for depositions. The parties agree in the interest of efficiency that it would be beneficial to all parties to coordinate discovery to the extent possible with the actions brought against McGraw Hill by the Attorneys General of California, Connecticut, and Illinois.

The parties agree to an expert discovery period of 180 days following the close of fact discovery (with 60 days for opening expert reports, 30 days for rebuttal expert reports, 30 days for reply expert reports, and 60 days for expert depositions).

The parties agree that any motions for summary judgment may be filed within 60 days after the close of expert discovery, with opposition briefs due 30 days thereafter and reply briefs due 30 days following the opposition briefs.

**2. July 11, 2013 Initial Conference Agenda**

The parties have agreed to the following proposed agenda of main topics for discussion at the July 11 conference:

- Appointment and introduction of Lead Counsel and Liaison Counsel for the States
- Introduction to the States' actions and the declaratory judgment actions
- Description of related actions pending in other courts and discussion of the status of those actions
- Discussion of pending procedural matters relating to motions to remand and the South Carolina and Tennessee Rule 12 motions (including briefing schedule and oral argument on those motions), and the stay of other proceedings in the interim
- Discussion of post-remand proceedings, including the scheduling matters discussed above
- Discussion of coordination with related cases pending in other courts
- Discussion of other relevant matters listed in Section 11.2 of the Manual for Complex Litigation, including logistical matters relating to discovery and discovery disputes
- Scheduling of a further conference as necessary

* * *

We look forward to discussing these issues with the Court at the Initial Conference on July 11, 2013.

Respectfully submitted,

Floyd Abrams

Hon. Jesse M. Furman
United States District Court
for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

BY E-MAIL

cc: All Counsel of Record (by e-mail)