UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
IN RE:

STANDARD & POOR'S RATING AGENCY LITIGATION

*This Document Relates To State of Mississippi v. McGraw-Hill
Companies, Inc.* et al., *No. 13 Civ. 4049*
-----------------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/12/2013

13-MD-2446 (JMF)

ORDER

JESSE M. FURMAN, United States District Judge:

      The documents attached to this order, submitted to the United States District Court for

the Southern District of Mississippi in connection with the defendants' motion for additional

time to respond to Plaintiff's motion to remand and seeking remand-related discovery (Docket

No. 21), were considered by this Court in connection with yesterday's pretrial conference.

SO ORDERED.

Dated:  July 12, 2013
        New York, New York

                                    JESSE M. FURMAN
                                United States District Judge

STATE OF MISSISSIPPI



JIM HOOD
ATTORNEY GENERAL

June 7, 2012

**VIA ELECTRONIC MAIL**

The Honorable Henry T. Wingate
United States District Court
Southern District of Mississippi
501 E. Court St., Suite 6750
Jackson, MS  39201
**wingate_chambers@mssd.uscourts.gov**

> Re:   *State of Mississippi v. The McGraw Hill Companies, Inc., Standard & Poor's Financial Services, LLC, Moody's Corporation and Moody's Investors Service, Inc.*, **Case No. 3:11-CV-343 HTW-LRA**

> **State's Responses to the Court's June 4, 2012 Minute Entry**

Dear Judge Wingate:

During the telephonic hearing on June 4, 2012, the Court requested answers to the two questions below.  By agreement of the parties, the Mississippi Attorney General's Office and Defendants are submitting their responses at 12:00 p.m. on Thursday, June 7, 2012.

**Question 1:    In *Caldwell v. Allstate*, the Louisiana statute authorized specific damages for consumers, and the state demanded restitution[1] for individual insurance policyholders. What authority dictates that the court must contemplate the citizenship of consumers**

---

[1] The Court correctly states that *Caldwell* involved the State of Louisiana's demand for financial relief payable to consumers.  The Fifth Circuit described the specific relief as "treble damages."  *Caldwell v. Allstate Ins. Co.*, 536 F.3d 418, 423 (5th Cir. 2008).

Honorable H. Wingate
Page 2
June 7, 2012

under *Caldwell v. Allstate*, when the State has not demanded restitution for those consumers?

Answer:        None.  The Mississippi Attorney General's Office is aware of no authority – in the Fifth Circuit or elsewhere – supporting CAFA removal of a *parens patriae* action where a state has not requested damages or restitution payable to individual consumers.  This is true for both CAFA class actions and CAFA mass actions.  *Caldwell* does not support removal where, as here, the State of Mississippi has chosen not to seek damages for consumers.  Similarly, there is no basis for ordering additional, remand-related discovery in the instant case, because there is no colorable argument that any party other than the State of Mississippi is a real party in interest.

The *Caldwell* decision is limited to CAFA mass actions. Federal jurisdiction attaches to mass actions under CAFA where a defendant can demonstrate: (1) that there are at least 100 real parties in interest; (2) that each person's claim is valued at $75,000 or more; and (3) that the claims are not asserted on behalf of the general public, rather than the individuals, under a state law authorizing such an action. 28 U.S.C. § 1332 (d)(11).  *See also Caldwell v. Allstate Ins. Co.*, 536 F.3d 418, 428 (5th Cir. 2008) ("[A] party is a real party in interest when it is directly and personally concerned in the outcome of the litigation to the extent that his participation therein will insure a genuine adversary issue between the parties.") (internal quotations omitted).

No federal jurisdiction attaches where a defendant fails to satisfy any one of the above-mentioned prongs.  In the instant case, Defendants fail to satisfy all three of the prongs because consumers are not real parties in interest where, as here, the State has not demanded financial relief payable to those consumers; and for the same reasons, Defendants cannot demonstrate that any consumer's claim meets the jurisdictional minimum of $75,000 (because consumers will not receive any funds in connection with the State's lawsuit).  In addition, this case falls within the general public exception because all claims were made by the State, on behalf of the State in its quasi-sovereign capacity to protect the general economic welfare of Mississippi, and with remedies payable only to the State.  *See Mississippi ex rel. Hood v. AU Optronics Corp.*, No. 3:11-CV-345-CWR-FKB, 2012 U.S. Dist. LEXIS 62089, at *40-46 (S.D. Miss. May 3, 2012).

Finally, Defendants removed the instant case as a CAFA class action, not a CAFA mass action. (*See* Notice of Removal ¶ 4 (citing 28 U.S.C. §1332(d)(2).) Therefore, while *Caldwell*'s analysis of the real party in interest does not support removal under the facts of this case, the Court need not consider the substantive holding in *Caldwell* to order remand.  CAFA defines a removable class action as "any civil action filed under *rule 23 of the Federal Rules of Civil Procedure* or similar State statute or rule of judicial procedure." 28 U.S.C. § 1332 (d)(1)(B) (emphasis in original). Mississippi prohibits class actions of any kind, and there is no Mississippi statute or rule of procedure similar to Fed. R. Civ. P. 23.  Therefore, this case is not removable as a CAFA class action under any circumstances, even if the State had requested damages payable to consumers.

Honorable H. Wingate
Page 3
June 7, 2012

**Question 2:**     **If this Court must consider Mississippi consumers' citizenship for purposes of diversity under *Caldwell v. Allstate*, brief how Miss. Code Ann. 75-24-11, the statute cited by Defendants as providing for restitution to consumers, applies to the facts alleged in the Plaintiff's complaint.**

Answer:        For the reasons explained above, the Court need not consider consumers' citizenship, because – as a threshold matter – consumers are not real parties in interest in this case under *Caldwell's* analysis.

The State agrees that Miss. Code Ann. 75-24-11 authorizes the State to seek restitution for consumers. The key fact in this case is that the State has chosen not to pursue that remedy and, therefore, the State has not alleged facts and will not present evidence to support an award of restitution.

Section 75-24-11 speaks to the discretion of a court to award additional relief (including restitution). As explained above, however, the State has not requested restitution; accordingly, it has not alleged facts and will not put forth evidence that would support an award of restitution. Defendants' argument collapses because a court cannot – even under its broad grant of equitable powers – award relief that is unsupported by the law or facts.[2] Contrary to Defendants' strained interpretation, the State alleges facts that demonstrate the reach of Defendants' misconduct and the need for the State to act in its quasi-sovereign interest to protect the economic well-being of Mississippi; the alleged facts do not support claims or seek relief on behalf of individual consumers, nor will they be used to do so in the State's case-in-chief. Therefore, the additional discovery[3] that Defendants seek is extraneous to the remand analysis. As such, this discovery fails to meet the *Smallwood* threshold for sharply tailored inquiries that are necessary for deciding the remand question. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004).

The State desires a swift resolution of this matter so that it can stop, punish, and deter Defendants' past and future deceptive practices. The State decided not to seek restitution under Section 75-24-11 because the lengthy and difficult process for allocating restitution to individual consumers would eclipse the State's primary goal of being able to act quickly in its efforts to stop, punish and deter Defendants. The State, not Defendants, decides what remedies it will seek. It is apparent that Defendants want to force this remedy on the State so as to delay adjudication of the State's case-in-chief and manipulate jurisdiction. Defendants' efforts violate the foundational principals of the "well-pleaded complaint" rule and should be prohibited. *See Campbell v. Cottage Grove Nursing Home, L.P.*, 350 F. Supp. 2d 735, 737 (S.D. Miss. 2004) ("[P]laintiff is the master of [her] claim so that if she has both state and federal remedies available to her, she may forego her federal claim and rely exclusively on state law and thereby avoid federal jurisdiction.") (internal quotations and citation

---

[2] Even if the State were to seek restitution – which it is not – such a request would not prevent remand in this case because, at a minimum, this case cannot qualify as a CAFA class action and / or because the case falls within the general public exception for CAFA mass actions. (*See* Answer to Question 1).
[3] The State has responded to Defendants' discovery requests, and the parties have met and conferred regarding the State's responses and objections.

Honorable H. Wingate
Page 4
June 7, 2012

omitted).  Defendants' argument – that the availability of a statutory remedy expressly disavowed by the State and not supported by the facts or evidence could be a sufficient basis for federal jurisdiction – would render meaningless the well-pleaded complaint rule.  Just as a plaintiff can choose not to assert causes of action available to it, a plaintiff also can choose the specific remedies it wishes to pursue.

Courts (including this Court) have rejected efforts by defendants to change the fundamental nature of the complaint. *See Dubose v. Merchs. & Farmers Bank*, 318 F. Supp. 2d 419, 424 (S.D. Miss. 2003) (Wingate, J.) ("It is this [well-pleaded complaint] rule which makes the plaintiff the master of the claim and enables the plaintiff to defeat a defendant's opportunity to remove the case to federal court."). The well-pleaded-complaint doctrine arises frequently in the context of evaluating removal based on federal question jurisdiction, but the reasoning applies with equal force here. *See id.* (finding that plaintiff "may assert state law claims exclusively, even though he would have federal law claims under the same facts, and avoid federal jurisdiction"); *see also Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995) ("[W]hen both federal and state remedies are available, plaintiff's election to proceed exclusively under state law does not give rise to federal jurisdiction.").

The State's Complaint does not allege facts that could support an award of restitution under Section 75-24-11, and the State's case-in-chief will not include evidence that could, as a matter of law, justify restitution to individual consumers.  Therefore, there is no application of the statute that would permit the Court, even in its broad grant of equitable powers, to award restitution in this case. As such, discovery regarding the issue of restitution is not necessary for the remand analysis and should be denied.

Respectfully,

Meredith Aldridge

Meredith Aldridge
Special Assistant Attorney General

cc:    All Counsel of Record (via electronic mail only)

CAHILL GORDON & REINDEL LLP
EIGHTY PINE STREET
NEW YORK, NY 10005-1702

FLOYD ABRAMS
L. HOWARD ADAMS
ROBERT A. ALESSI
HELENE R. BANKS
ANIRUDH BANSAL
LANDIS C. BEST
SUSAN BUCKLEY
KEVIN J. BURKE
JAMES J. CLARK
BENJAMIN J. COHEN
STUART G. DOWNING
ADAM M. DWORKIN
JENNIFER B. EZRING
PATRICIA FARREN
JOAN MURTAGH FRANKEL
JONATHAN J. FRANKEL
BART FRIEDMAN
CIRO A. GAMBONI

WILLIAM B. GANNETT
CHARLES A. GILMAN
STEPHEN A. GREENE
WILLIAM M. HARTNETT
CRAIG M. HOROWITZ
DOUGLAS S. HOROWITZ
TIMOTHY B. HOWELL
DAVID G. JANUSZEWSKI
ELAI KATZ
THOMAS J. KAVALER
BRIAN S. KELLEHER
DAVID N. KELLEY
CHÉRIE R. KISER*
EDWARD P. KRUGMAN
JOEL KURTZBERG
ALIZA R. LEVINE
JOEL H. LEVITIN
GEOFFREY E. LIEBMANN

TELEPHONE: (212) 701-3000
FACSIMILE: (212) 269-5420
———
1990 K STREET, N.W.
WASHINGTON, DC 20006-1181
(202) 862-8900
FAX: (202) 862-8958
———
AUGUSTINE HOUSE
6A AUSTIN FRIARS
LONDON, ENGLAND EC2N 2HA
(011) 44.20.7920.9800
FAX: (011) 44.20.7920.9825
———
WRITER'S DIRECT NUMBER

ANN S. MAKICH
JONATHAN I. MARK
BRIAN T. MARKLEY
GERARD M. MEISTRELL
WILLIAM J. MILLER
NOAH B. NEWITZ
MICHAEL J. OHLER
ATHY A. O'KEEFFE
DAVID R. OWEN
JOHN PAPACHRISTOS
LUIS R. PENALVER
DEAN RINGEL
JAMES ROBINSON
THORN ROSENTHAL
TAMMY L. ROY
JONATHAN A. SCHAFFZIN
JOHN SCHUSTER
MICHAEL A. SHERMAN

DARREN SILVER
HOWARD G. SLOANE
JOSIAH M. SLOTNICK
RICHARD A. STIEGLITZ JR.
SUSANNA M. SUH
ANTHONY K. TAMA
JONATHAN D. THIER
JOHN A. TRIPODORO
GLENN J. WALDRIP, JR.
MICHAEL B. WEISS
S. PENNY WINDLE
COREY WRIGHT
DANIEL J. ZUBKOFF
ADAM ZUROFSKY

*ADMITTED IN DC ONLY

(212) 701-3693

June 7, 2012

Re:   *State of Mississippi v. The McGraw-Hill Companies, Inc.,*
*Standard & Poor's Financial Services, LLC, Moody's*
*Corporation and Moody's Investor Service, Inc.*, Case No.
3:11-CV-343 HTW-LRA

Dear Judge Wingate:

Defendants The McGraw-Hill Companies, Inc., Standard & Poor's Financial Services, LLC, Moody's Corporation and Moody's Investors Service, Inc. (together the "Rating Agencies") respectfully submit this letter in response to the Court's inquiries during our telephonic conference regarding the Rating Agencies' Motion for Remand-Related Discovery on June 4, 2012.

1)   In *Caldwell* v. *Allstate*, the Louisiana statute authorized specific damages for consumers, and the state demanded that restitution for individual insurance policyholders. What authority dictates that the court must contemplate the citizenship of consumers under *Caldwell* v. *Allstate*, when the State has not demanded restitution for those consumers?

The Plaintiff, the State of Mississippi's (the "State") repeatedly asserts that it is seeking "equitable relief" pursuant to Miss. Code Ann. § 75-24-11. (Original Complaint ¶ 2, 15, 18; Amended Complaint ¶ 2, 15, 18.) This section expressly provides for restitution, and authorizes this Court to "make such additional orders or judgments, including restitution, as may be necessary ***to restore to any person in interest*** any monies or property, real or personal, which may have been acquired by means of any practice prohibited by this chapter . . ." *See* Miss. Code Ann. § 75-24-11 (emphasis added). That the State claims that it does not intend to return any recovery it may ultimately obtain to consumers is irrelevant to the jurisdictional inquiry. Under the Fifth Circuit's analysis in *Louisiana ex rel. Caldwell* v. *Allstate Insurance Co.*, 536 F.3d 418, 429 (5th Cir. 2008), the central issue in determining the real party in interest is the identity of the individual whose substantive right the action seeks to enforce. *Id.* ("The plain language of the provision [seeking

CAHILL GORDON & REINDEL LLP

- 2 -

treble damages] makes clear that individuals have the right to enforce this provision. Accordingly, we agree with the district court that . . . the policyholders, and not the State, are the real parties in interest.")

Judge Reeves's decision in *Mississippi ex rel. Hood* v. *AU Optronics Corp.*, 2012 WL 1575629 (S.D. Miss. May 3, 2012) only reinforces this point. In *AU Optronics*, the State sought, *inter alia*, "restitution **to the State** on behalf of its citizens and local governments who suffered losses . . ." *Id.* at *2 (emphasis added). In determining whether these individual citizens were the real parties in interest, the court held that "[t]he real party in interest is the party who, by substantive law, possesses the right sought to be enforced, *and not necessarily the person who will ultimately benefit from the recovery.*" *Id.* at *8 (quoting *Richards* v. *Reed*, 611 F.2d 545, 546 n.2 (5th Cir. 1980)) (emphasis added) (internal quotation marks omitted). Reviewing the Fifth Circuit's analysis in *Caldwell*, the court concluded that "[u]nder *Caldwell*, Mississippi's consumers are considered real parties in interest with respect to the State's request for restitution on their behalf." *Id.* at *9.

This conclusion is also in accord with Supreme Court and Fifth Circuit precedent, which has held that the real party in interest is the party with the legal right being enforced, notwithstanding that the individual may not benefit from the recovery. *See generally Sprint Communications Co., L.P. et al.* v. *APCC Services, Inc., et al.*, 544 U.S. 269 (2008) (assignee of legal claim for money owed was the real party in interest even though any monies recovered would be remitted to an assignor); *see also In re Miller*, 307 Fed. App'x 785, 788 (5th Cir. 2008) (holding that "[individual investors] are . . . the real parties in interest even though a large part of the [district court] judgment was ultimately distributed to the [investment group].").

Therefore, in determining whether *Caldwell* applies, this Court must focus on the relief that the State seeks in this action, rather than where any recovery may ultimately be disbursed. Although the State contends, **outside** its complaint, that it does not seek relief for consumers, it refuses to limit its claim to injunctive relief and/or civil penalties, the form of relief that courts have recognized indicates that the State is the only real party in interest. *See Caldwell*, 536 F.3d at 430 ("If Louisiana were only seeking that remedy [of injunctive relief], which is clearly on behalf of the State, its argument that it is the only real party in interest would be much more compelling.").

Accordingly, Defendants must be permitted to explore through discovery the precise nature of the relief sought by the State to determine whether consumers *could* seek such relief themselves – the relevant question under *Caldwell* in determining whether federal jurisdiction exists.

2) If this court must consider Mississippi consumers' citizenship for purposes of diversity under *Caldwell* v. *Allstate*, brief how Miss. Code Ann. 75-24-11, the statute cited by defendants as providing for restitution to consumers, applies to the facts alleged in the plaintiffs' complaint.

As noted above, Miss Code Ann. 75-24-11 expressly authorizes this Court to award restitution "to restore to any person in interest any monies . . . which may have been acquired by means" of a prohibited practice. As the Complaint makes plain, consumers are the real party in

CAHILL GORDON & REINDEL LLP

- 3 -

interest with respect to this claim.  Indeed, the Complaint makes no allegation that the State itself suffered any damages that would warrant restitution paid to the State.  Instead, the State's Complaint repeatedly alleges that harm was suffered by Mississippi citizens, including pension funds, insurance companies, banks and mutual funds.  (Original Compl. ¶¶ 12, 13, 14, 26, 27, 65, 77, 80; Amended Compl. ¶¶ 12, 13, 14, 26, 27, 65, 77, 80.)  The Amended Complaint further alleges that the Rating Agencies' purported misconduct "directly and proximately caused substantial injury to consumers within the State of Mississippi in the form of deceiving the banks, insurance companies, government regulators, mutual funds and pension funds, which relied on these assurances when deciding to purchase certain securities."  (Original Compl. ¶ 82; Amended Compl. ¶ 82.)  The Fifth Circuit relied upon similar allegations to conclude that individual insurance policyholders were real parties in interest with respect to the State's claim for damages in *Caldwell. See Caldwell*, 536 F.3d at 429, n. 9 ("These [allegations] are only a few examples; the petition is rife with statements that make clear that the policyholders are the real parties in interest in this action.")

A plain reading of Section 75-24-11 makes clear that the restoration of any "monies" would be measured based upon the harm suffered by actual persons or entities, *i.e.* the mutual and pension funds, banks insurance companies and government regulators identified in the Amended Complaint. Any relief that the Court may order pursuant to this statute would necessarily be measured based upon a review of any fees that the Rating Agencies received in connection with rating securities purchased by these purportedly injured entities.

Consequently, the State's invocation of Miss Code Ann. 75-24-11—a statute authorizing the award of restitution—coupled with its repeated allegations that consumers of structured finance products suffered harm due to the Rating Agencies' alleged conduct, implicates consumers as the real parties in interest and gives rise to federal jurisdiction under *Caldwell*.

Very truly yours,

Penny Windle /WMS

Penny Windle, Esq.
Cahill Gordon & Reindel LLP

The Honorable Henry T. Wingate
United States District Court
Southern District of Mississippi
501 E. Court St., Suite 6750
Jackson, MS 39201
**Wingate_chambers@mssd.uscourts.gov**

VIA ELECTRONIC MAIL

SATTERLEE STEPHENS BURKE & BURKE LLP
230 PARK AVENUE
NEW YORK, NY 10169-0079
(212) 818 9200

33 WOOD AVENUE SOUTH
ISELIN, NJ 08830-2735
(732) 603-4966

FAX (212) 818-9606
www.ssbb.com

E-Mail: jrubins@ssbb.com
(212) 404-8731

June 7, 2012

Re:   *State of Mississippi v. The McGraw-Hill Companies, Inc., Standard & Poor's
      Financial Services, LLC, Moody's Corporation and Moody's Investor Service,
      Inc.*, Case No. 3:11-CV-343 HTW-LRA

Dear Judge Wingate:

Defendants The McGraw-Hill Companies, Inc., Standard & Poor's Financial Services, LLC, Moody's Corporation and Moody's Investors Service, Inc. (together the "Rating Agencies") respectfully submit this letter in response to the State's letter, filed today, regarding the two questions posed by this Court.

The State's letter continues to obfuscate the key issue before the Court. The "real party in interest" question does *not* turn on who ultimately reaps any financial reward. Instead, the question is whether the State is seeking to enforce a substantive right of consumers, *even if those consumers do not ultimately receive any award*. Thus, for example, in *Mississippi ex rel. Hood v. AU Optronics Corp.*, No. 11-cv-345, 2012 WL 1575629 (S.D. Miss. May 3, 2012), the court found that consumers were the real party in interest with respect to the State's restitution claim -- even though any recovery would be paid *to the State* – because the claim was one that consumers could bring themselves. *Id.* at *2, *8-9.

Thus, the State's contentions that they are not seeking money "payable to individual consumers," and not seeking damages "for consumers" (6/7/12 Letter at 2) are entirely beside the point. The question is whether the State is seeking for itself monetary relief that consumers *could* themselves seek to recover. Thus, Defendants are entitled to know the precise form of financial relief the Plaintiff is seeking. Contrary to the State's repeated protestations, this is not a matter of Defendants attempting to force on the State a type of relief it has not requested. Instead, Defendants are simply attempting to ascertain the type of relief the State seeks under Section 75-24-11. The State is, as it notes, the master of its Complaint; it has chosen to assert a right to relief under Section 75-24-11, and under *Caldwell*, Defendants are entitled to explore the relief sought under that provision.

SATTERLEE STEPHENS BURKE & BURKE LLP

June 7, 2012
Page 2

        The State's remaining arguments – namely, (1) that Defendants cannot satisfy CAFA's jurisdictional amount-in-controversy threshold, (2) that the case falls within CAFA's "public exception" to removal, and (3) that the case was removed as a "class action," not a "mass action" – are all meritless.  (The third argument is particularly frivolous in light of the fact that the relevant statute defines "class actions" as ***including*** "mass actions."  *See* 28 U.S.C. § 1332(d)(11) (A).)  More to the point, the State's arguments are outside the scope of Your Honor's questions. Defendants are, of course, happy to answer such questions at Your Honor's request, but believe that they might be more appropriately addressed in Defendants' opposition to the State's Motion to Remand.

Respectfully submitted,

Joshua Rubins

The Honorable Henry T. Wingate
United States District Court
Southern District of Mississippi
501 E. Court St., Suite 6750
Jackson, MS 39201
**Wingate_chambers@mssd.uscourts.gov**

VIA ELECTRONIC MAIL

2

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

Attorney General Jim Hood, *ex rel.*
State of Mississippi,

       Plaintiff

     vs.                         Case No.: 3:11-cv-00343-HTW-LRA

The McGraw-Hill Companies, Inc.,
Standard & Poor's Financial Services, LLC,
Moody's Corporation and Moody's Investors
Service, Inc.,

         Defendants.

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING DEFENDANTS' MOTION FOR ADDITIONAL TIME TO RESPOND TO PLAINTIFF'S <u>MOTION TO REMAND AND SEEKING REMAND-RELATED DISCOVERY</u>

I.     <u>FINDINGS OF FACT</u>

Before the Court is Defendants' Motion for Additional Time to Respond to Plaintiff's

Motion to Remand and Seeking Remand-Related Discovery.  [Dkt. No. 21].

On May 10, 2011, Plaintiff Mississippi Attorney General Jim Hood, on behalf of the

State of Mississippi ("State" or "Attorney General"), filed a *parens patriae* lawsuit "seek[ing]

redress from The McGraw-Hill Companies, Inc.; Standard & Poor's Financial Services, LLC and

its business unit Standard & Poor's Ratings Services . . .; and Moody's Corporation and Moody's

Investors Service, Inc. . . . for their unfair and deceptive business practices of intentionally and

systematically misrepresenting as independent, objective and competent, their ratings services

for structured finance securities, in violation of Miss. Code. Ann. § 75-24-5."  Compl. ¶ 1 [Dkt.

No. 1-1].  The Complaint contained three counts: (1) violations of the Mississippi Consumer

Protection Act, §§ 75-24-1, *et seq.*; (2) conduct justifying injunctive relief under Miss. Code.

Ann. § 75-24-9; and (3) conduct justifying disgorgement / unjust enrichment.  The Prayer for

Relief sought six items: (1) a finding by the Court that Defendants engaged in unfair and

deceptive business practices; (2) an injunction to prevent Defendants from continuing to engage

in any acts that violate the Mississippi Consumer Protection Act; (3) an Order requiring

Defendants to submit to an accounting to determine the amount of ill-gotten profits received by

Defendants as a result of their deceptive business practices and to disgorge such profits; (4) an

Order directing Defendants to pay civil penalties not to exceed Ten Thousand Dollars

($10,000.00) for each violation of the Mississippi Consumer Protection Act; (5) an Order

directing Defendants to pay attorneys' fees and costs; and (6) an Order directing Defendants to

pay punitive damages.  Compl. ¶¶ 88-93.

On June 7, 2011, Defendants The McGraw-Hill Companies, Inc., Standard & Poor's

Financial Services, LLC, Moody's Corporation and Moody's Investors Service, Inc.

(collectively, "Defendants") removed the case to federal court alleging diversity jurisdiction

pursuant to 28 U.S.C. § 1332(a) and jurisdiction under the Class Action Fairness Act ("CAFA")

pursuant to 28 U.S.C. § 1332(d)(2).  Defendants' Notice of Removal states that, "[t]o the extent

the State of Mississippi seeks relief on behalf of an identifiable and circumscribed group of

Mississippi citizens . . . such citizens are the real parties in interest."  Notice of Removal ¶ 9

[Dkt. No. 1].

On August 7, 2011, the Attorney General filed a Motion for Remand and for Fees and

Costs ("Mot. for Remand") and attached as an Exhibit a letter from the Attorney General's

Office to each Defendant, dated June 30, 2011, and stating, in pertinent part, the following:

> The State is seeking civil penalties and disgorgement of ill-gotten gains,
> pursuant to the Mississippi Consumer Protection Act.  The State is <u>not</u>
> <u>seeking</u> restitution or any other form of financial remuneration for
> individual consumers.  The State is willing to file a stipulation confirming

- 2 -

> this position.  Given these facts, the State believes there is no arguable or good-faith basis for removal because there can be no legitimate concern that the State is not the real – and only – party in interest.
>
> In light of this important clarification, the State requests that Defendants withdraw their Notice of Removal.  As a gesture of good will and as noted above, the State is willing to stipulate to the fact that it is not seeking restitution or any financial remuneration to individual consumers.

Mot. for Remand, Ex. A [Dkt. No. 16-1].

On August 8, 2011, the Court entered an Order Staying Discovery, pursuant to Rule 16(b)(1)(B) of the Local Uniform Civil Rules for the Northern and Southern Districts of Mississippi.  [Dkt. No. 17].

In lieu of filing an opposition to the State's Motion for Remand, on August 19, 2011, Defendants filed their Motion for Additional Time to Respond to Plaintiff's Motion to Remand and Seeking Remand-Related Discovery ("Mot. for Add'l Time & Remand-Related Discovery"). [Dkt. No. 21].  In connection with this motion, Defendants served the State with interrogatories and document requests.  On September 2, 2011, the Attorney General filed its Memorandum in Opposition to Defendants' Motion for Additional Time and Request for Remand-Related Discovery ("Opp'n to Mot. for Add'l Time & Remand-Related Discovery") [Dkt. No. 26] and served its Responses and Objections to Defendants' Interrogatories and Document Requests (collectively "Discovery Responses").  The State attached its Discovery Responses as Exhibits A and B to its Opposition.  [Dkt. Nos. 26-1 & 26-2].  On September 8, 2011, the State filed its Amended Complaint, which removed the request for punitive damages from the Prayer for Relief as well as a corresponding reference to damages from Paragraph 87 in the original Complaint. [Dkt. No. 27].  On September 9, 2011, Defendants filed a Memorandum in Further Support of Defendants' Motion for Additional Time and for Remand-Related Discovery ("Defs.' Reply"). [Dkt. No. 28].

Defendants' Motion for Additional Time and for Remand-Related Discovery seeks discovery in three areas: (1) "discovery as to the identity of the persons or entities the State alleges suffered harm . . . and the precise relief the State is seeking (*See* Defendants' Interrogatory Nos. 1-6; Document Request No. 3)"; (2) "discovery into the damages allegedly suffered by each 'consumer' described in the Complaint (*See* Defendants' Document Request Nos. 4-5; Interrogatory Nos. 3-5)"; and (3) "discovery related to the State's agreement with its outside counsel[,]" specifically "information concerning the payment arrangements entered into with outside counsel (*See* Defendants' Document Request Nos. 1-2; Interrogatory No. 6)."  Mot. for Add'l Time & Remand-Related Discovery ¶¶ 6-7.

The Court heard argument on Defendants' Motion for Additional Time and for Remand-Related Discovery on May 29, 2012.  Following the hearing, and at the Court's request, the parties each submitted a letter brief on June 7, 2012 that answered two questions posed by the Court:

> Question 1:    In *Caldwell v. Allstate*, the Louisiana statute authorized specific damages for consumers, and the State demanded restitution[1] for individual insurance policyholders.  What authority dictates that the Court must contemplate the citizenship of consumers under *Caldwell v. Allstate*, when the State has not demanded restitution for those consumers?

> Question 2:    If this Court must consider Mississippi consumers' citizenship for purposes of diversity under *Caldwell v. Allstate*, brief how Miss. Code Ann. 75-24-11, the statute cited by Defendants as providing for restitution to consumers, applies to the facts alleged in Plaintiff's complaint.

---

[1] In *Caldwell*, the financial relief requested by the State on behalf of consumers was described as treble damages, not restitution.  536 F.3d at 430.  While this distinction may be important in some cases, it is immaterial to the analysis of the facts here because the State is not seeking *any* financial relief (restitution, damages or otherwise) on behalf of Mississippi consumers.

Following the parties' responses to these questions, Defendants' Motion for Additional Time to Respond to Plaintiff's Motion to Remand and Seeking Remand-Related Discovery became ripe for this Court's consideration.

## II.   CONCLUSIONS OF LAW

### A.   **Defendants' Request for Remand-Related Discovery**

Remand-related discovery is available only "on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity."  *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 574 (5th Cir. 2004).  Defendants must satisfy each prong of this three-part standard to be entitled to the discovery they seek.  The focus of this Court's analysis is on the second two prongs:  whether Defendants' Discovery Requests are "sharply tailored to the question at hand" and whether Defendants have convinced the Court of the "necessity" of the discovery they seek.  *Id.*

In the instant case, the Court's decision to grant or deny the State's request for remand will turn on the question of whether Defendants have proven that private consumers are real parties in interest for any of the State's claims.  The standard set forth in *Smallwood* thus requires that Defendants' remand-related discovery be limited to information that is both relevant and necessary to answer that question.  While the Court is not deciding the remand question here, it must conduct the same real party in interest analysis as it will when it does decide the remand question, because the real party in interest analysis is determinative in both motions.

Before the Court can analyze whether Defendants' requests for remand-related discovery are sharply tailored and necessary to answering the question of whether consumers are real parties in interest, the Court first must define this term.  The Fifth Circuit defines a real party in interest as the party that "is directly and personally concerned in the outcome of the litigation to the extent that his participation therein will insure a genuine adversary issue between the

parties." *Louisiana ex rel. Caldwell v. Allstate Ins. Co*, 536 F.3d 418, 428 (5th Cir. 2008) (internal quotations and citation omitted).  The Fifth Circuit determined that consumers were real parties in interest in *Caldwell* because the state was seeking treble damages payable to those consumers.  *Id.* at 429 ("Louisiana's argument that it is the only real party in interest is belied by the petition it filed in state court, which makes clear that it is seeking to recover damages suffered by *individual policyholders.*").  This is not the case here.

> **1.     Are Defendants' Requests Sharply Tailored to the Question of Whether Mississippi Consumers Are Real Parties in Interest?**

As noted above, Defendants' Discovery Requests seek three categories of information: (1) "discovery as to the identity of the persons or entities the State alleges suffered harm . . . and the precise relief the State is seeking"; (2) "discovery into the damages allegedly suffered by each 'consumer' described in the Complaint"; and (3) "discovery related to the State's agreement with its outside counsel[,]" specifically "information concerning the payment arrangements entered into with outside counsel."  Mot. for Add'l Time & Remand-Related Discovery ¶¶ 6-7. For the reasons explained below, none of Defendants' Discovery Requests are sharply tailored to the question of whether consumers are the real parties in interest.

> a.     <u>Discovery as to the Identity of Consumers and the Relief Sought by the State for those Consumers (Interrogatory Nos. 1-6; Document Request No. 3)</u>

Defendants' Discovery Requests arguably *could* satisfy *Smallwood's* sharply tailored prong *if* the State were seeking restitution or damages for individual consumers.  The Court need not reach this question, however, because the State has made it abundantly clear that it is not seeking any financial remedy for consumers.  *See, e.g.*, Mot. for Remand, Ex. A. ("The State is <u>not seeking</u> restitution or any other form of financial remuneration for individual consumers. The State is willing to file a stipulation confirming this position."); Opp'n to Mot. for Add'l

Time & Remand-Related Discovery at 3-4 (same); Opp'n to Mot. for Add'l Time & Remand-Related Discovery, Ex. A (State's Response to Interrogatory No. 3 ("the State is not seeking any financial relief payable to individual consumers"), No. 4 ("the State responds that it does not seek any damages")); Opp'n to Mot. for Add'l Time & Remand-Related Discovery, Ex. B (State's Response to Document Request No. 3 (citing correspondence to Defendants offering stipulation that State is not seeking any restitution or other financial relief payable to consumers), No. 4 ("State is not seeking any relief on behalf of these individuals or entities . . . . The [individuals and] entities identified in this request are not parties to this action, nor will they be recipients of any financial relief awarded in connection with this action"), and No. 5 (same)).

To the extent there was any ambiguity on this question initially, the State *already has provided the necessary discovery responses* regarding the information Defendants seek.  The Court is satisfied that no *additional* amount of time or supplemental discovery responses will alter the State's answers because the State's Discovery Responses clearly explain that the Attorney General is seeking financial relief only on behalf of the State and payable only to the State.  The State has offered Defendants an iron-clad answer in the form of a stipulation.  If Defendants had any sincere concerns about whether a hidden request for damages or restitution is hiding beneath the surface of the State's plainly worded Complaint, Defendants should have and could have resolved this concern by accepting the State's offer to enter a stipulation.

For these reasons, the Court finds that Interrogatory Nos.1-6 and Document Request No. 3 are not sharply tailored to the question of whether consumers are real parties in interest to the State's case.  The Court further finds that, to the extent any of these Requests could bear on the question of whether consumers are real parties in interest, the State already has responded adequately to those Discovery Requests.

b.      Discovery as to the Harm Suffered by Individual Consumers
(Interrogatory Nos. 3-5; Document Request Nos. 4-5)

These Discovery Requests, which partially overlap with the first category, likewise

cannot meet *Smallwood*'s "sharply tailored" requirement.  Reliance and harm are not elements of

an attorney general *parens patriae* action for injunctive relief or for Attorney General penalties

under the Mississippi Consumer Protection Act, therefore, discovery regarding consumers'

reliance and harm cannot be sharply tailored to the real party in interest analysis.  *See* Opp'n to

Mot. for Add'l Time & Remand-Related Discovery at 9, citing Miss. Code Ann. § 75-24-5

(defining prohibited deceptive practices as "misrepresenting," or improperly "representing" or

"advertising" the qualities of goods or services).  As the State correctly notes in its Opposition,

"[t]he focus of the [Mississippi Consumer Protection Act's] liability and penalties analysis is

entirely on the conduct of the wrongdoer.  *See* [Miss. Code Ann.] § 75-24-9."  *Id.*

The Court also finds unavailing Defendants' argument that they should be entitled to this

information because the original Complaint requested punitive damages.  Defendants are correct

that a Court should not consider an Amended Complaint for purposes of the removal analysis

"[i]f the plaintiff amended simply to destroy diversity."  Defs.' Reply at 2-3 (citing *Braud v.*

*Transp. Serv. Co. of Ill.*, 445 F.3d 801, 808-09 (5th Cir. 2006)).  That is not the case here.  First,

and as mentioned above, nowhere does the original Complaint assert that the State was seeking

punitive damages payable to consumers.  On the contrary, the plain language of the Complaint,

in combination with the State's offer to stipulate and the State's Discovery Responses, make it

quite clear that the State was seeking such damages for the State and not consumers.  Second, the

original Complaint did not request compensatory damages, which are a prerequisite to punitive

damages.  *See* Miss. Code Ann. § 11-1-65(1)(b).  Therefore, the original Complaint does not

allege the facts that are required to sustain a request for punitive damages.  As such, the Court is

satisfied that the State's initial request for punitive damages – *payable to the State*, and thus irrelevant to the analysis of whether consumers are real parties in interest in any event – was a scrivener's error.  *See Great Am. E & S Ins. Servs., Inc.  v. Royal Indem. Co.*, No. 5:07-cv-76-DCB-JMR, 2007 U.S. Dist. LEXIS 85200, at *3-4 (S.D. Miss. Nov. 14, 2007) (scrivener's error will not impact analysis of the conditions at the time of removal).

The State has been clear and constant in its position that it is not seeking damages, restitution or any other financial relief for consumers, and it would not serve the interests of judicial economy or logic to permit additional discovery into relief that the State clearly is not seeking.  For these reasons, the Court finds that Interrogatory Nos. 3 and 4 and Document Request Nos. 4 and 5 are not sharply tailored to the question of whether consumers are real parties in interest.

c.  Discovery into the State's Payment Arrangements with Outside Counsel (Interrogatory No. 6; Document Request Nos. 1-2)

The State's outside counsel cannot be real parties in interest, so the details of their payment are well beyond the scope of the Court's remand analysis.  Defendants therefore have no basis for seeking this discovery, and the Court finds that Interrogatory No. 6 and Document Request Nos. 1 and 2 are not sharply tailored to the question of whether consumers are real parties in interest.

**2.  Have Defendants Demonstrated that their Discovery Requests Are Necessary for the Determination of Whether Consumers Are Real Parties in Interest?**

The Court's analysis *supra* disposes fully of Defendants' requests for remand-related discovery because (1) the discovery requests do not meet the *Smallwood* standard for being "sharply tailored" to the question of whether consumers are real parties in interest and because (2) the analysis above also demonstrates why these discovery requests are unnecessary.  The

Court therefore need not analyze *Smallwood*'s necessity prong on a discovery request-by-request basis; however, the Court does wish to address Defendants' overall failure to satisfy the necessity standard.

As discussed *supra*, Defendants' request for remand-related discovery turns on the question of whether the State is seeking financial relief for consumers (and, in turn, on whether restitution would transform consumers into real parties in interest). The Court is satisfied that the State is not seeking restitution (or any other financial remedy) for consumers. Therefore, any discovery requests relating to restitution are irrelevant and thus fail to meet the "necessity" prong of *Smallwood*. 385 F.3d at 574 (remand-related discovery can be allowed "only after a showing of its necessity").

What Defendants have a right to know, for purposes of both remand-related discovery and removal, is <u>*whether*</u> and <u>*what kind of*</u> financial relief the State is seeking damages for consumers.[2] The State has answered that question repeatedly, including in its Discovery Responses. *See, e.g.*, Mot. for Remand, Ex. A. ("The State is <u>not seeking</u> restitution or any other form of financial remuneration for individual consumers. The State is willing to file a stipulation confirming this position."); Opp'n to Mot. for Add'l Time & Remand-Related Discovery at 3-4 (same); Opp'n to Mot. for Add'l Time & Remand-Related Discovery, Ex. A (State's Response to Interrogatory No. 3 ("the State is not seeking any financial relief payable to individual consumers"), No. 4 ("the State responds that it does not seek any damages")); Opp'n to Mot. for Add'l Time & Remand-Related Discovery, Ex. B (State's Response to Document Request No. 3 (citing correspondence to Defendants offering stipulation that State is not seeking any restitution or other financial relief payable to consumers), No. 4 ("State is not seeking any relief on behalf

---

[2]  The Fifth Circuit, in *Caldwell v. Allstate*, did not address the question of whether consumers are real parties in interest in *parens patriae* enforcement actions seeking restitution for consumers. Rather, *Caldwell* addressed only the State of Louisiana's claim for treble <u>damages</u> for consumers. 536 F.3d at 430.

of these individuals or entities . . . . The [individuals and] entities identified in this request are not parties to this action, nor will they be recipients of any financial relief awarded in connection with this action"), and No. 5 (same)).  Defendants cannot meet the *Smallwood* standard for showing that *additional* discovery – beyond the discovery they already have received and into the amount of financial relief the State could seek for consumers (or the identity of the consumers who could be eligible to receive such relief) – is necessary where, as here, it is clear that the State is not seeking this relief in the first place.

A fundamental element of the well-pleaded complaint rule is that a plaintiff is the master of her own claims.  *See Campbell v. Cottage Grove Nursing Home, L.P.*, 350 F. Supp. 2d 735, 737 (S.D. Miss. 2004) ("[P]laintiff is the master of [her] claim so that if she has both state and federal remedies available to her, she may forego her federal claim and rely exclusively on state law and thereby avoid federal jurisdiction.") (internal quotations and citation omitted). Defendants are correct that Miss. Code. Ann. § 75-24-11 authorizes the Attorney General to seek, and this Court to award, restitution to consumers.  This does not mean, however, that the State is required to request restitution.  And, in fact, the State is not seeking this remedy.  The State's Complaint contains no reference to Miss. Code Ann. § 75-24-11, and the State repeatedly has disavowed any claim for restitution.  Defendants' argument – that the availability of a statutory remedy expressly disavowed by the State and not supported by the facts or evidence could be a sufficient basis for federal jurisdiction under CAFA (and a justification for remand-related discovery into the real party in interest question) – would render the well-pleaded complaint rule meaningless.  Just as a plaintiff can choose not to assert causes of action available to it, a plaintiff also can choose the specific remedies it wishes to pursue.  The Court will not force upon a plaintiff remedies that the plaintiff itself does not seek.

- 11 -

Defendants have continued to argue that the State's Complaint should be interpreted as prevailing upon the Court's discretion to award restitution to consumers, even though the State expressly chose not to request relief under Miss. Code Ann. § 75-24-11.  Defendants argue that an award of restitution may nevertheless be lurking in the shadows because the State's Prayer for Relief preserves the Court's discretion to award additional relief that the Court deems just and equitable.  Defs.' Reply at 3 ("Although Plaintiff avoids citing [§ 75-24-11] in its prayer for relief, it does include a request for 'such other relief as this Court deems just and equitable.'").  The Court finds this argument unavailing, especially in light of the supplemental briefing the parties provided on this issue.  Specifically, the Court asked the parties to respond to the following question:

> If this Court must consider Mississippi consumers' citizenship for purposes of diversity under *Caldwell v. Allstate*, brief how Miss. Code Ann. 75-24-11, the statute cited by defendants as providing for restitution to consumers, applies to the facts alleged in the plaintiff's complaint.

The State's response was unambiguous:

> The State agrees that Miss. Code Ann. 75-24-11 authorizes the State to seek restitution for consumers.  The key fact in this case is that the State has chosen not to pursue that remedy and, therefore, the State has not alleged facts and will not present evidence to support an award of restitution.

June 7, 2012 Letter to Judge Wingate from Meredith Aldridge at 3 ("State's Letter").  The Court is satisfied that additional discovery on this question is therefore unnecessary.

This leaves only the application of the necessity analysis to Defendants' request for additional discovery regarding the details of the State's legal services contract with outside counsel.  For the reasons explained previously, Defendant has not demonstrated how the details of the State's contract with outside counsel relate to the question of whether consumers are real parties in interest.  Defendants therefore have failed to demonstrate why this information is

necessary to their ability to brief the remand issue.  In addition, the State already responded to this Discovery Request and stated that the legal services contract is publicly available on the Attorney General's website.  *See* Opp'n to Mot. for Add'l Time & Remand-Related Discovery, Ex. B (State's Response to Document Request No. 1).  Therefore, even if discovery on this question were appropriate, the State has provided an adequate response and there is no legitimate reason for additional discovery.

**III.**     <u>CONCLUSION</u>

For all of the foregoing reasons, the Court denies Defendants' Motion for Additional Time to Respond to Plaintiff's Motion to Remand and Seeking Remand-Related Discovery.  The Court further finds that the State's Discovery Responses are sufficient as filed.  Defendants shall file their response to the State's Motion for Remand within fourteen (14) days of the date of this Order.

IT IS SO ORDERED, this ___ day of September, 2012.


_____

United States District Judge

Respectfully Submitted,

Plaintiff, State of Mississippi *ex rel.* Jim Hood,
Attorney General


By:＿＿*/s/ Meredith M. Aldridge*＿＿＿＿＿
　　　George W. Neville (MBN 3822)
　　　Geoffrey Morgan (MBN 3474)
　　　Meredith M. Aldridge (MBN 100696)
　　　Special Assistant Attorneys General
　　　Office of the Mississippi Attorney General
　　　P.O. Box 220
　　　Jackson, Mississippi 39205
　　　Phone/Fax: 601 359 3680/ 601 359 2003
　　　Email: gnevi@ago.state.ms.us, gmorg@ago.state.ms.us,
　　　Maldr@ago.state.ms.us

　　　Blake A. Tyler (MBN 101786)
　　　Stover Gadow & Tyler PLLC
　　　775 East Fortification Street
　　　Jackson, Mississippi 39202
　　　Phone/Fax: 601 949 5000/ 601 510 9089
　　　Email: btyler@pgtlaw.com

　　　Vaterria M. Martin (MBN 101235)
　　　Vaterria M. Martin PLLC
　　　5709 Highway 80 West
　　　Jackson, Mississippi 39209
　　　Phone/Fax: 601 923 1577/ 601 923 1579
　　　Email: vmartin@4martinsatlaw.com

　　　Betsy Miller
　　　Cohen Milstein Sellers & Toll PLLC
　　　1100 New York Avenue, N.W.
　　　Suite 500, West Tower
　　　Washington, DC  20005
　　　Phone/Fax: 202 408 4600/ 202 408 4699
　　　Email: bmiller@cohenmilstein.com

　　　*Counsel for the State of Mississippi*



FORMAN
PERRY
WATKINS
KRUTZ &
TARDY LLP
ATTORNEYS AT LAW

City Centre, Suite 100
200 South Lamar Street
Jackson, Mississippi 39201-4099

Post Office Box 22608
Jackson, Mississippi 39225-2608

Telephone: 601.960.8600
Main Facsimile: 601.960.8613
Business Facsimile: 601.960.8609

www.fpwkt.com

J. CHASE BRYAN
jcbryan@fpwk.com
Direct Dial: (601) 973-5908

August 31, 2012

**VIA: Electronic Mail and Hand Delivery**
Honorable Henry T. Wingate
United States District Court Judge
501 E. Court Street, Suite 6.75
Jackson, MS 39201

      Re:   ***State of Mississippi, ex rel., Jim Hood, Attorney General v. The McGraw-Hill Companies, Inc., Standard & Poor's Financial Services, LLC, Moody's Corporation and Moody's Investors Service, Inc.; In the United States District Court for the Southern District of Mississippi, Jackson Division; Civil Action No. 3:11-CV-343 HTW-LRA***

Dear Judge Wingate:

      Please find enclosed the proposed Order on Defendants' Motion for Additional Time to Respond to Plaintiff's Motion to Remand and to Conduct Remand-Related Discovery for your review.

                Sincerely,

                FORMAN PERRY WATKINS KRUTZ & TARDY, LLP

                J. Chase Bryan

JCB/clb
Enclosures
cc:   George W. Neville, Esq. (via: electronic mail)
      Geoffrey Morgan, Esq. (via: electronic mail)
      Blake A. Tyler, Esq. (via: electronic mail)
      Vaterria Martin, Esq.  (via: electronic mail)
      Betsy Miller, Esq. (via: electronic mail)
      Meredith Aldridge, Esq. (via: electronic mail)
      Kit Pierson, Esq. (via: electronic mail)
      C. Michael Ellingburg, Esq. (via: electronic mail)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

STATE OF MISSISSIPPI, *ex rel.* JIM          )
HOOD, ATTORNEY GENERAL,                       )    CASE NO. 3:11-CV-343 HTW-LRA
                                              )
        Plaintiff,                            )
                                              )
    v.                                        )
                                              )
THE MCGRAW-HILL COMPANIES, INC.,              )
STANDARD & POOR'S FINANCIAL                   )
SERVICES, LLC, MOODY'S                        )
CORPORATION AND MOODY'S                       )
INVESTORS SERVICE, INC.                       )

        Defendants.


**[PROPOSED] ORDER ON DEFENDANTS'**
**MOTION FOR ADDITIONAL TIME TO RESPOND TO PLAINTIFF'S**
**MOTION TO REMAND AND TO CONDUCT REMAND-RELATED DISCOVERY**

This matter having come before the Court on the motion of the Defendants, The

McGraw-Hill Companies, Inc., Standard & Poor's Financial Services, LLC, Moody's

Corporation and Moody's Investors Service, Inc. (together the "Rating Agencies"), for additional

time to respond to Plaintiff's Motion to Remand and to conduct remand-related discovery

("Motion for Remand-Related Discovery"), and the Court having duly considered same, finds

the Motion to be well taken. Accordingly, for the reasons set forth below, the Court grants the

Rating Agencies' Motion for Remand-Related Discovery.

***Procedural History***

Plaintiff, the State of Mississippi ("Plaintiff") filed the instant action on May 10, 2011,

asserting claims under the Mississippi Consumer Protection Act ("MCPA"), as well as common

law claims for unjust enrichment/disgorgement for purported misconduct in connection with the

Rating Agencies' ratings on structured finance securities. The Rating Agencies timely removed

this case on June 7, 2011, asserting that federal jurisdiction exists pursuant to the Class Action

Fairness Act ("CAFA"), as well as traditional principles of diversity jurisdiction under 28 U.S.C.

§ 1332 (Notice of Removal, ¶¶ 4-14).  On August 7, 2011, Plaintiff filed a motion to remand,

asserting that diversity jurisdiction was lacking.

Specifically, Plaintiff argues that because it is a real party in interest in this litigation and

because a state cannot be a citizen for purposes of diversity jurisdiction (*see Stone* v. *South*

*Carolina*, 117 U.S. 430, 433 (1886)), its presence in this action destroys diversity.  The Rating

Agencies responded with the instant Motion for Remand-Related Discovery, seeking discovery

to determine whether the State was the only real party in interest.  The Rating Agencies

simultaneously propounded document requests and interrogatories related to the jurisdictional

inquiry.  More specifically, the Rating Agencies sought discovery to determine, *inter alia*, the

number of consumers Plaintiff claims were allegedly harmed by the Rating Agencies' alleged

practices and the alleged harm purportedly suffered by those consumers.  Plaintiff opposed the

Motion for Remand-Related Discovery and filed an amended complaint on September 7, 2011.[1]

**Discussion**

The Fifth Circuit's decision in *Louisiana ex rel. Caldwell* v. *Allstate Insurance Co.*, 536

F.3d 418 (5th Cir. 2008), controls the present inquiry.  In *Caldwell*, the Louisiana Attorney

General brought an action asserting violations of Louisiana's antitrust statute for alleged price-

fixing in the insurance industry.  The Attorney General sought various forms of relief that

---

[1] Plaintiff's amended complaint is not operative for purposes of this motion or Plaintiff's Motion to Remand.  The sole purpose of Plaintiff's amendment was to attempt to destroy diversity, which is not permitted.  *See Braud* v. *Transport Service Co.*, 445 F.3d 801, 808-09 (5th Cir. 2006) ("When a plaintiff amends his complaint after removal in a way that destroys diversity, a district court must consider the reasons behind the amendment in determining whether remand is proper.  If the plaintiff amend[s] simply to destroy diversity, the district court should not remand.") (citation and internal quotation marks omitted); *see also* Memorandum in Further Support of Defendants' Motion for Additional Time to Respond to Plaintiff's Motion to Remand and to Conduct Remand-Related Discovery, at 2-3.  Even if this amended complaint is considered by the Court, jurisdictional discovery is still appropriate to determine, *inter alia*, the identity and number of consumers on whose behalf Plaintiff seeks relief. *See infra* p. 6.

included an injunction and treble damages under the statute. *Id.* at 423. The defendants removed on the basis of federal jurisdiction under CAFA, claiming that individual policyholders were real parties in interest and their citizenship should be considered in determining whether diversity jurisdiction existed.

The Fifth Circuit performed a claim-by-claim analysis to determine the propriety of federal jurisdiction. *Id.* at 428 ("[I]f the Attorney General is only a nominal party, and the policyholders are the real parties in interest, then the nature of the claims asserted must be examined to determine if they are removable under CAFA. . . ."). Under this analysis, the Fifth Circuit concluded that individual policyholders were real parties in interest with respect to the Attorney General's claim for treble damages. *Id.* at 429-30 ("[A]s far as the State's request for treble damages is concerned, the policyholders are the real parties in interest," even though "Louisiana is also seeking the remedy of injunctive relief . . . . which is clearly on behalf of the State."). Because individuals were real parties in interest with respect to the treble damages claim, the Fifth Circuit concluded that removal under CAFA was proper. *Id.* at 430 ("Having determined that the policyholders are real parties in interest, we agree that this action was properly removed pursuant to CAFA").

This Court recently recognized, in the context of another claim brought by Plaintiff under the MCPA, that, pursuant to *Caldwell*, federal courts have jurisdiction under CAFA when individual citizens are real parties in interest with respect to at least some of the claims asserted in an action. *See State of Mississippi ex rel. Hood v. Entergy Mississippi, Inc.*, 2012 WL 3704935, at *9 (S.D. Miss. Aug. 25, 2012) (Wingate, J.):

> Under the mandate of the *Caldwell* case, this court finds that, while the State has both a proprietary interest in this lawsuit as a ratepayer and may have the right to bring this suit in its *parens patriae* capacity, the individual ratepayers who were allegedly overcharged and stand to recoup their payments to [defendant] are also real parties in interest. Because the citizenship of these

parties, which includes several hundred thousand Mississippi customers of Entergy, must be considered in the analysis of jurisdiction, this court finds that minimal diversity exists between the parties in this lawsuit.

*See also Mississippi ex rel. Hood* v. *AU Optronics Corp.*, 2012 WL 1575629, at \*9 (S.D. Miss. May 3, 2012) ("Under *Caldwell*, Mississippi's consumers are considered real parties in interest with respect to the State's request for restitution on their behalf.")

In this case, Plaintiff seeks injunctive relief, an accounting, civil penalties, attorneys' fees and such other relief as this Court deems just and equitable. (Complaint ¶¶ 89-92, 94).[2] Plaintiff's claims incorporate a claim for "equitable relief" pursuant to Miss. Code Ann. § 75-24-11. (Complaint ¶¶ 2, 15, 18.) That section expressly provides for the remedy of restitution, and authorizes this Court to "make such additional orders or judgments, including restitution, as may be necessary to restore to any person in interest any monies or property, real or personal, which may have been acquired by means of any practice prohibited by this chapter . . . ." *See* Miss. Code Ann. § 75-24-11. This Court has held, in the context of its application of *Caldwell*, that the State may seek relief on behalf of consumers pursuant to this statutory provision. *Entergy*, 2012 WL 3704935, at \*9 ("Section 75-24-11 may provide a viable statutory conduit for the State to recover restitution on the part of consumers injured by defendant's conduct.")

The Complaint alleges harm that was suffered by Mississippi citizens, including pension funds, insurance companies, banks and mutual funds. (Complaint ¶¶ 12, 13, 14, 26, 27, 65, 77, 80.) The Complaint further alleges that the Rating Agencies' purported misconduct "directly and proximately caused substantial injury to consumers within the State of Mississippi in the form of deceiving the banks, insurance companies, government regulators, mutual funds and pension

---

[2] Plaintiff's proposed amended complaint, *inter alia*, dropped Plaintiff's claim for punitive damages, which provides an additional ground for removal.

4

funds, which relied on these assurances when deciding to purchase certain securities."

(Complaint ¶ 82.)

.         Plaintiff disputes that the individuals and institutions referenced (but not identified) in its

Complaint are real parties in interest, arguing that Plaintiff is not seeking "monetary relief

payable to consumers." The standard, however, for determining whether these unnamed persons

and entities are real parties in interest for the purpose of CAFA jurisdiction, is whether Plaintiff's

claims implicate a substantive right that may be enforced by these individuals and entities.

*Caldwell*, 536 F.3d at 429. Accordingly, these persons and entities are real parties in interest if

their substantive rights are being asserted by the State (whether or not the State intends to share

any recovery with them). *Entergy*, 2012 WL 3704935, at *8 ("'The real party in interest is the

party who, by substantive law, possesses the right sought to be enforced, and not necessarily the

person who will ultimately benefit from the recovery.'" (quoting *In re Miller*, 307 Fed. App'x

785, 788 (5th Cir. 2008)); *see also AU Optronics Corp.*, 2012 WL 1575629, at *8 (same).

        In order to determine federal jurisdiction, the Fifth Circuit also requires courts to "pierce

the pleadings" in order to determine the "real nature of the claim asserted." *Id.* at 423-24.

District courts may, and frequently do, permit parties to conduct remand-related discovery in

connection with such an inquiry. *See Boone* v. *Citigroup, Inc.*, 416 F.3d 382, 386-88 (5th Cir.

2005) (recognizing district court's authority to allow remand-related discovery); *Guillory* v. *PPG

Industries, Inc.*, 434 F.3d 303, 311 (5th Cir. 2005) (finding that district court did not abuse its

discretion when it granted remand-related discovery limited to depositions and document

production for the purposes of "determining the connection of the primary players to the issues

underlying this litigation"); *L.P. Johnson Security Services, LLC* v. *Acceptance Indemnity

Insurance Co.*, 2007 WL 2900444, at *1 (S.D. Miss. Sept. 28, 2007) (permitting limited remand-

related discovery for purposes of piercing the pleadings to determine if plaintiff's allegations concerning nondiverse defendant are supported by facts).

The citizens, pension funds, insurance companies, banks and/or mutual funds referenced (but not identified) in the Complaint are real parties in interest with respect to Plaintiff's claim for equitable relief under § 75-24-11.   Discovery concerning the number, identity and citizenship of these persons and entities, and the basis and amount of Plaintiff's claims for relief under section § 75-24-11 is thus appropriate at this stage, prior to consideration of Plaintiff's Motion for Remand.

Plaintiff's additional arguments against the Rating Agencies' request for remand-related discovery are also rejected: (1) that the Rating Agencies cannot satisfy CAFA's jurisdictional amount-in-controversy threshold, (2) that the case falls within CAFA's "general public exception" to removal, and (3) that the case was removed as a "class action," not a "mass action." These contentions lack merit.

This Court has already held that the $75,000 amount in controversy requirement need not be satisfied by each member of a mass action at the time of removal. *Entergy*, 2012 WL 3704935, at *10 ("The plain reading of the statute indicates that the $75,000 individual amount in controversy is an exception to CAFA jurisdiction, not a threshold requirement."). This Court has also held that where the State seeks to enforce the substantive rights of individual citizens, the general public exception to CAFA will not apply. *Id.* at *15 ("Even if the State has a quasi-sovereign interest in protecting Mississippi consumers from being overcharged for a basic utility, the presence of the discrete group of EMI ratepayers who have a substantive legal right to receive restitution for alleged overcharges for their electricity means that 'all of the claims in the action' are not asserted on behalf of the general public.") Finally, the plain language of CAFA defines "class actions" as including mass actions (*see* 28 U.S.C. § 1332(d)(11) (A)), and

therefore Plaintiff cannot claim that any removal of a case as a "class action" would not also include a basis for asserting that the same case is also a "mass action."

IT IS THEREFORE ORDERED AND ADJUDGED that the Rating Agencies' Motion for Additional Time to Respond to Plaintiff's Motion to Remand and to Conduct Remand-Related Discovery is GRANTED.  The Rating Agencies shall have ninety (90) days to conduct remand-related discovery.  The Rating Agencies' Opposition to Plaintiff's Motion to Remand will be due thirty (30) days following the close of remand-related discovery.


DATED:                    _____

                          THE HONORABLE HENRY T. WINGATE

September 7, 2012

**VIA ELECTRONIC MAIL**

The Honorable Henry T. Wingate
United States District Court
Southern District of Mississippi
501 E. Court St., Suite 6750
Jackson, MS 39201
**wingate_chambers@mssd.uscourts.gov**

> Re:  *State of Mississippi v. The McGraw Hill Companies, Inc., Standard & Poor's Financial Services, LLC, Moody's Corporation and Moody's Investors Service, Inc.*, Case No. 3:11-cv-343 HTW-LRA
> State's Rebuttal to Defendants' Proposed Findings of Fact and Conclusions of Law regarding Defendants Motion for Additional Time and Seeking Remand-Related Discovery

Dear Judge Wingate:

Below please find the State's rebuttal to Defendants' Proposed Findings of Fact and Conclusions of Law ("Defendants' Proposed Findings") regarding Defendants' Motion for Additional Time to Respond to Plaintiffs' Motion to Remand and Seeking Remand-Related Discovery ("Motion for Additional Time and Remand-Related Discovery") [Dkt. No 21].

In brief, Defendants' Proposed Findings 1) fail to apply the controlling Fifth Circuit standard for determining whether remand-related discovery requests should be granted; 2) wrongly claim the State is enforcing the substantive rights of private consumers; and 3) incorrectly assert that the State's original Complaint would give rise to federal jurisdiction and that this Court is prohibited from considering the State's Amended Complaint for purposes of its remand analysis.

For the reasons explained below, and for those the State has provided in its previous briefs and submissions, the State respectfully requests that the Court deny Defendants' Motion for Additional Time and Seeking Remand-Related Discovery and order Defendants to file their Opposition to the State's Motion to Remand within fourteen (14) days.

1. Defendants' Proposed Findings Fail to Address the Controlling Standard for Remand-Related Discovery

*Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004), sets forth the standard for remand-related discovery in the Fifth Circuit. Specifically, *Smallwood* dictates that such discovery is available only "on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity." *Id.* at 574. Neither Defendants' original Motion for Additional Time and Remand-Related Discovery nor their most recent Proposed Findings address *Smallwood*. Instead, Defendants seek to invent a new standard, by improperly claiming

that a court "is required" to allow the moving party to "pierce the pleadings" and allow their remand-related discovery. Defs.' Proposed Findings at 5. Defendants cite to "*id.* at 423-424" in support of this assertion but their submission does not identify the case to which they are citing. *Id.* It appears that Defendants intended to quote from *Louisiana ex rel. Caldwell v. Allstate Insurance Co.*, 536 F.3d 418, 423 (5th Cir. 2008).[1] If that is the case, however, Defendants' reliance is misplaced. *Caldwell* controls the standard for <u>remand</u> in the Fifth Circuit, but it does not address or control the circumstances under which <u>remand-related discovery</u> may proceed. *See generally, id.* A defendant must demonstrate that the discovery they seek satisfies the Fifth Circuit's *Smallwood* standard, which requires that the discovery be narrowly tailored to the question on remand and necessary to decide that question. *See Smallwood*, 385 F.3d at 574. In this case, the question on remand is whether Mississippi consumers are real parties in interest for any of the State's claims. Defendants not only fail to meet the *Smallwood* standard, they also fail to acknowledge that this is the standard. *See* Mem. Br. in Supp. of Mot. for Add'l Time & Remand-Related Discovery at 4-5 (failing to cite to *Smallwood*) [Dkt. No. 22]; Defs.' Proposed Findings at 2, 3, 5, 6 (same).

The State repeatedly has shown that Defendants' broad discovery requests into irrelevant topics (*e.g.*, the State's contract with outside counsel, the identity of private consumers for whom the State is <u>not seeking</u> relief, and information about damages or restitution that the State is <u>not requesting</u>) far exceed *Smallwood*'s directive to keep remand-related discovery "on a tight judicial tether, sharply tailored . . . and only after a showing of its necessity." *Smallwood*, 385 F.3d at 574; *see* Opp'n to Mot. for Add'l Time & Remand-Related Discovery at 7-15 [Dkt. No. 26]; State's Proposed Findings at 6-13.

Finally, even if Defendants could demonstrate that they have a right to remand-related discovery under *Smallwood*, the State resolved any possible doubt when it answered Defendants' Discovery Requests. The State's Discovery Responses clearly explain that the Attorney General is <u>not</u> seeking restitution or damages for any consumer. *See, e.g.,* Opp'n to Mot. for Add'l Time & Remand-Related Discovery, Ex. A, State's Response to Interrogatory No. 3 ("the State is not seeking any financial relief payable to individual consumers"). The State's Complaint does not allege that private consumers are entitled to this relief. *See generally*, Compl.; Am. Compl. [Dkt. No. 1-1; Dkt. No. 27]. The plaintiff is the master of his own complaint, and it is axiomatic that defendants do not have the right to force upon the plaintiff a claim that the he has chosen not to pursue or a remedy that he has elected not to seek. *See Campbell v. Cottage Grove Nursing Home, L.P.*, 350 F. Supp. 2d 735, 737 (S.D. Miss. 2004); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Defendants therefore are not entitled to <u>additional</u> remand-related discovery; and moreover, it is also clear from the facts of this case that Defendants ultimately will not be entitled to federal jurisdiction. No amount of additional time or discovery will change the fact that the State is not seeking restitution or damages for consumers. By contrast, granting Defendants' motion will continue to prolong resolution of the core remand issue. Such delay is impermissible because "[i]t is imperative that a motion to remand be resolved as swiftly as

---

[1] "In noting that it was his responsibility to look to the substance of the complaint — to pierce the pleadings — and to determine the real nature of the claim asserted, [Judge Zainey] explained: '[I]t's the Court's responsibility to not just merely rely on who a plaintiff chose to sue, or, in this case, how the plaintiff chose to plead, but I have to look at the specific substance of . . . the complaint . . . .'" *Caldwell*, 536 F.3d at 423.

possible so that the plaintiff maintains his right to choose the forum in which to litigate." *Guillory v. PPG Indus. Inc.*, 434 F.3d 303, 310 (2005).

2. Defendants' Proposed Findings Wrongly Claim that the State is Enforcing the Substantive Rights of Consumers Rather Than Its Own.

Defendants assert that the State is seeking to enforce the "substantive rights" of private consumers. Defs.' Proposed Findings at 5. This is untrue. Defendants base this assertion on their fundamentally incorrect and unsupportable premise that private consumers will be entitled to restitution in this case.

First, and as the State has explained to Defendants time and time again, the State will not be presenting evidence that will entitle consumers to financial relief. The State has tried in every way possible to answer this question clearly, directly and definitively – even offering to enter into a sworn stipulation immediately after receiving Defendants' removal notice. Defendants have acted unreasonably by rejecting the State's offer and by continuing to pursue their argument for more than a year.

Second, Defendants cannot demonstrate that the State's *parens patriae* lawsuit affects the substantive rights of private consumers in any way. Mississippi consumers are free to bring their own action seeking damages pursuant to Miss. Code Ann. § 75-24-15 and to request that the Court award restitution under Miss. Code Ann. § 75-24-11. The State's case neither seeks to enforce, nor impinges upon, those private rights.

As this Court noted in its recent remand decision in *Hood v. Entergy*, the "real party in interest is the person holding the substantive right *sought to be enforced* . . . ." *Mississippi ex rel. Hood v. Entergy Miss., Inc.*, No. 3:08cv780 HTW-LRA, 2012 U.S. Dist. LEXIS 120299, at *27 (S.D. Miss. Aug. 25, 2012) (emphasis added) (internal citation omitted). In the instant case, the State has made clear that it seeks only to enforce its own substantive rights to obtain injunctive relief, civil penalties and disgorgement. Moreover, Defendants' reliance on *Entergy* and *Caldwell* to support their argument that consumers are the real parties in interest is misplaced because those cases are inapplicable to the facts here. In *Entergy*, Mississippi sought restitution and damages for consumers; in *Caldwell*, Louisiana sought treble damages for consumers. *Entergy*, 2012 U.S. Dist. LEXIS 120299, at *32 (noting individual ratepayers "stand to recoup their payments"); *Caldwell*, 536 F.3d at 429 (noting Louisiana was "seeking to recover damages suffered by *individual policyholders*"). Here, the State is requesting no such relief. Defendants have not provided, nor can they provide, a single case to support a request for remand-related discovery or, ultimately, for federal jurisdiction under the Class Action Fairness Act, where the State is not seeking any financial remedy for consumers.

3. The State's Amended Complaint Does Not Change the Nature of Its Claims or the Court's Remand Analysis.

This Court need not review the Amended Complaint to determine that Defendants are not entitled to additional remand-related discovery or, ultimately, to federal jurisdiction. As the State has explained previously, the original Complaint does not seek any damages for consumers.

3

*See* Opp'n to Mot. for Add'l Time & Remand-Related Discovery at 14-15 (citing Compl. ¶ 15); State's Proposed Findings at 1-2 (explaining the relief sought in the original Complaint). Even if Defendants did have a legitimate question about the plain language of the original Complaint, which they do not, the State immediately, repeatedly and voluntarily provided a clear and definitive answer that the State is not seeking any damages or other financial relief payable to, or on behalf of, private consumers. *See, e.g.,* Mot. to Remand at 3 (noting the State's offer to stipulate that it "is not seeking any restitution or other financial award payable to consumers") [Dkt. No. 16]; Opp'n to Mot. for Add'l Time & Remand-Related Discovery at 14 ("As the State has explained to Defendants on at least three prior occasions, the State is not seeking any financial relief payable to consumers.").

Finally, courts in the Fifth Circuit have recognized that amended complaints can be considered on a motion to remand where the amendment resolves a scrivener's error. *See* State's Proposed Findings at 8-9 (citing *Great Am. E & S Ins. Servs., Inc. v. Royal Indem. Co.,* No. 5:07-cv-76-DCB-JMR, 2007 U.S. Dist. LEXIS 85200, at *3-4 (S.D. Miss. Nov. 14, 2007). In this case, the State amended its Complaint to remove the inadvertent inclusion of a request for punitive damages. This was clearly a scrivener's error because the Complaint did not seek compensatory damages, which are required as a prerequisite for punitive damages under Mississippi law. *See* Miss. Code Ann. § 11-1-65(1)(b); State's Proposed Findings at 8.

4. Conclusion

Defendants unreasonably request more time to obtain <u>additional</u> remand-related discovery, but their motion lacks both merit and good faith. Defendants refuse to accept that the State has brought a case that is different from the one Defendants want to defend. The State is not seeking restitution or damages for consumers, and the Court's equitable and discretionary powers under Miss. Code Ann. § 75-24-11 would not permit the Court to award damages or restitution to consumers where, as here, the State is not presenting evidence that would support or quantify such an award.

For these reasons, and for those set forth in its prior briefings and submissions, the State respectfully requests that this Court deny Defendants' Motion for Additional Time and Seeking Remand-Related Discovery and order Defendants to file their Opposition to the State's Motion to Remand within fourteen (14) days of the Court's Order.

Respectfully,

Meredith Aldridge
Special Assistant Attorney General
*Plaintiff, State of Mississippi*

cc:     All Counsel of Record (via electronic mail only)

4